# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCER INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-136 |
| JET EXECUTIVE LIMOUSINE SERVICE, INC., et al., | * | |
| Defendants. | * | |

## ORDER

Before the Court is the consent motion to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division ("Northern District"), pursuant to 28 U.S.C. § 1404. (Consent Mot. to Transfer, Doc. 61.) Although the motion was filed on October 19, 2018, as a consent motion, not all defendants had appeared in the case at that time.[1] In the motion to transfer, the consenting parties acknowledged that Defendant Kent Plowman would not consent to the transfer. (Id. ¶ 22.)

As of the date of this Order, eighteen of the twenty-four initial defendants have answered Plaintiff's complaint.[2] Therefore, those parties wishing to oppose the motion to transfer

---

[1] The consenting parties represented that although several of the defendant claimants had not appeared, the parties yet to appear would not oppose the consent motion to transfer. (Consent Mot. to Transfer, Doc. 61, ¶ 21.)
[2] United States Liability Insurance Company was dismissed as a defendant on January 3, 2019. (Order, Doc. 119.)

were provided adequate time. For the reasons set forth herein, the consent motion to transfer venue is **GRANTED**.

## I. BACKGROUND

Plaintiff filed the present action on August 27, 2018, to determine coverage obligations for a single-vehicle accident that occurred on April 5, 2018, within the Southern District of Georgia ("Southern District") in Columbia County. (Compl., Doc. 1, ¶ 28.) On October 19, 2018, Plaintiff along with thirteen defendants filed the present consent motion to transfer venue. (See generally Consent Mot. to Transfer.)

In support of the consent motion to transfer, the movants assert that the transfer is in the interest of all parties in terms of convenience to the witnesses, judicial economy, and expense of litigation. (Consent Mot. to Transfer, ¶¶ 11, 17.) Specifically, according to the movants, all in-state attorneys are located in the Northern District (id. ¶¶ 2, 5), the named insureds are domiciled in the Northern District (id. ¶ 3), all Georgia defendants involved in the accident reside in the Northern District (id. ¶ 4), the insurance policies in question were delivered to the Northern District (id. ¶¶ 3, 18), and the Northern District is the most convenient forum for key expert witnesses (id. ¶ 20).

To date, Defendant Kent Plowman is the only party to oppose the consent motion to transfer. (Def. Plowman's Resp. Opp'n

Consent Mot. to Transfer, Doc. 82.) His response primarily focuses on two arguments: (1) Plaintiff's choice of forum should prevail, and (2) Many of the first responders, medical personnel, and investigators are located in or near Augusta, Georgia. (Id. at 3-7.) The Court analyzes the Parties' competing positions herein.

## II. DISCUSSION

### A. Legal Standard

"Venue is governed by the general venue statute, 28 U.S.C. § 1391, special venue statutes, and 28 U.S.C. §§ 1404 and 1406, which address improper venue and change of venue." Peterson v. Smith, No. CV 113-119, 2013 WL 12156416, at *2 (S.D. Ga. Dec. 9, 2013) (citation omitted). A party may request a venue change when: "(1) venue is improper, so a court must then dismiss or transfer the case under section 1406; or (2) venue is proper, but the court should apply section 1404 to transfer the case to another district on convenience grounds." Id. Here, the motion seeks transfer on convenience grounds, and the Parties do not dispute that venue is proper in the Southern District. Therefore, the present motion implicates section 1404.

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Interpreting

3

section 1404(a), courts in the Eleventh Circuit employ a two-pronged inquiry. See Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2010 WL 3732115, at *5 (S.D. Ga. Sept. 7, 2010) (citation omitted). "First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. The second prong requires courts to balance private and public factors to determine if transfer is justified." Id. (citation omitted). The private and public factors a district court must weigh under the second prong include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

In determining whether transfer is proper, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted). Accordingly, district courts are "permitted a broad discretion in weighing the conflicting

4

arguments as to venue." England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988).

Traditionally, the "plaintiff's choice of forum" is accorded "considerable deference," and therefore, "the burden is on the movant to establish that the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). For these reasons, generally, a party moving to transfer venue "bears the burden of establishing that the balance of convenience and justice weighs heavily in favor of the transfer." Octopus LLC v. Healthy Pet, L.P., No. 2:15-cv-64, 2016 WL 1122888, at *2 (S.D. Ga. Mar. 21, 2016) (citations and internal quotation marks omitted).

**B. Analysis**

1. <u>Northern District of Georgia as Proper Venue</u>

The first prong of the inquiry is whether the case could have been filed in the Northern District. The question is not whether the Northern District is a better venue than the Southern District, but whether the Northern District was originally and remains a proper venue.[3] Pursuant to 28 U.S.C. § 1391(b), "A civil action

---

[3] The Northern District has subject matter jurisdiction over the case and personal jurisdiction over the Parties.

5

may be brought in — . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Depending on the facts of the case, venue may be proper in more than one district. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).

The Parties do not dispute that Plaintiff could have filed the present action in the Northern District. Moreover, Plaintiff alleges that Defendant Jet Executive, located in the Northern District, owned and operated the vehicle involved in the accident. (Compl., ¶¶ 2, 28, 31-32.) Therefore, despite the accident occurring in the Southern District, the events and operations concerning the vehicle involved in the accident — issues at the center of the insurance dispute — originated in the Northern District.[4] (Joint Reply Supp. Mot. to Transfer, Doc. 93, ¶ 11.)

---

[4] The movants largely focus on the fact that the relevant insurance contracts were delivered to the Northern District to support that the Northern District is a proper venue. Although the fact is relevant for the second prong of the section 1404(a) test, it does not decide the first prong. Defendant Joseph Best cites several cases for the rule that venue is proper where the contracts giving rise to the action were executed. (Def. Best's Reply Supp. Mot. to Transfer, Doc. 91, at 4.) Although the Court agrees with Defendant Best's general proposition, where an insurance contract is issued is not determinative of venue when the validity of the policy is not directly relevant to the declaratory judgment action. See, e.g., Nationwide Agribusiness Ins. Co. v. Adkison, No. 4:17-CV-0366-VEH, 2017 WL 1684547, at *3 (N.D. Ala. May 3, 2017) ("The [c]omplaint does not seek a declaration that there was or was not a validly issued policy of insurance. It seeks a declaration that it owes no duty to the [d]efendant under the policy . . . . Facts and evidence relating to where the contract was formed are irrelevant to those issues . . . ."); Mt. Hawley Ins. Co. v. Adams Homes, LLC, No. 3:13cv45/MCR/CJK, 2014 WL 12538169, at *3 (N.D. Fla. Jan. 10, 2014) ("Despite some authority indicating that venue may also be proper for a declaratory action in the district where the insurance policy was negotiated and issued, [insurer] has not shown where the policies at issue were negotiated or how that is relevant to its claims . . . . The [c]ourt finds that the mere mailing of the insurance contracts to [the forum] is not substantial to [insurer's] claim."); Hartford Cas. Ins. Co. v. SANY Am., Inc.,

6

Because the Court finds that a substantial part of the events or omissions giving rise to this declaratory action for coverage determination occurred in the Northern District, the first prong is satisfied.

2. Private and Public Factors

The second prong examines whether the factors analyzed in the Eleventh Circuit favor transfer. At the outset, several of the factors are neutral as to the two venues: (5) both courts have an equal ability to compel attendance of unwilling witnesses; (6) the relative means of the parties is not a driving factor as both corporate and individual parties either reside in the Northern District or outside of Georgia; and (7) both forums are familiar with the governing law.[5]

a. *Convenience of Witnesses*

The convenience of witnesses factor is the most important factor considered on a motion to transfer. Octopus LLC, 2016 WL 1122888, at *2 (citing Duckworth v. Med. Electro-Therapeutics,

---

991 F. Supp. 2d 1303, 1306 (N.D. Ga. 2014) ("Plaintiff's declaratory-judgment claim arises from insurance policies issued and delivered in Georgia. . . . [T]his alone is not enough to lay venue in this district. Thus, the [c]ourt looks at the nature of [the p]laintiffs' claim to determine what and where [insured] allegedly did wrong."). Accordingly, the Court cannot conclude that the issuance of the insurance policies to the Northern District alone establishes venue in that district.

[5] The movants contend that the Northern District is a more convenient forum for counsel in this case. (Consent Mot. to Transfer, ¶¶ 5, 6, 17, 20; Def. Best's Reply Supp. Mot. to Transfer, at 2; Joint Reply Supp. Mot. to Transfer, ¶ 8.) Convenience of counsel is not a factor considered under section 1404, Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004), and consequently, the Court refrains from analyzing the convenience of counsel as part of its decision.

Inc., 768 F. Supp. 822, 831 (S.D. Ga. 1991)). The Court focuses on witnesses "key to the trial" rather than the party-witnesses. Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356-57 (N.D. Ga. 2004). The Parties dispute whether the convenience of witnesses factor favors the Northern or Southern District.

The movants contend that the Northern District provides greater convenience to key witnesses, such as expert witnesses. (Consent Mot. to Transfer, ¶ 20.) Conversely, the opponent argues the Southern District provides greater convenience to key witnesses, such as emergency personnel and first responders. (Def. Plowman's Resp. Opp'n Consent Mot. to Transfer, at 5.) Without wading deeply into the merits, it appears witnesses in the Southern District will have little impact on Plaintiff's declaratory judgment action. Accordingly, witnesses located in the Southern District are likely not key witnesses. Considering the Northern District is likely more convenient to key witnesses than the Southern District, the first and most important factor weighs in favor of transfer to the Northern District.

b. *Location of Documents and Access to Proof*

The second factor favors transfer. Because the evidence in Augusta does not appear highly relevant to this action, the majority of the evidence is located alongside Defendant Jet Executive in the Northern District. Additionally, the insurance contracts in question were purportedly delivered to the Northern

8

District. See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 842 F. Supp. 2d 1360, 1367 (N.D. Ga. 2012) (finding factor favored venue in Georgia in part because policies were delivered to Georgia).

c. *Convenience of Parties*

As for the third factor, the movants show that all parties to this action are either domiciled in the Northern District or outside the State of Georgia. Not a single party is domiciled or resides in the Southern District. Accordingly, the convenience of the parties factor strongly favors transfer.

d. *Locus of Operative Facts*

For this coverage action, the locus of operative facts lies in the Northern District. The testimony of emergency responders and treating medical personnel in the Southern District look to be largely irrelevant to adjudicating insurance coverage. The insurance documents were delivered to the Northern District, and documentation and evidence relevant to operation of the vehicle are located in the Northern District. Therefore, the fourth factor counsels in favor of transfer.

e. *Weight Afforded Plaintiff's Choice of Forum*

As stated above, a plaintiff's forum choice is traditionally entitled to deference. Here, however, Plaintiff consents to the transfer. When the plaintiff agrees to transfer, justifications for deferring to its original venue choice erode. See Houston v.

9

Stuckey, No. 1:14-cv-191, 2014 WL 5365048, at *2 (S.D. Ga. Oct. 21, 2014). Furthermore, "the plaintiff's choice of forum 'is entitled to less weight when none of the parties resides there.'" Octopus LLC, 2016 WL 1122888, at *4 (quoting Ramsey, 323 F. Supp. 2d at 1355). The Court sees no reason to place any discernable value on Plaintiff's original venue choice under these circumstances.

### f. *Trial Efficiency and Interests of Justice*

The Parties have not presented the Court with facts greatly impacting the trial efficiency and interests of justice evaluation. The final factor analyzes several additional factors. See Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc., No. CV 117-096, 2018 WL 797434, at *6 (S.D. Ga. Feb. 8, 2018) ("where the litigant is more likely to receive a speedy trial"; "whether transfer will allow consolidation of litigation"; "the relationship of each community to the controversy"; and "any obstacles to a fair trial") (citing In re Morgan Stanley, 417 F. App'x 947, 949 (Fed. Cir. 2011) (per curiam); Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010); Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997)). In evaluating the additional factors, the Court does not find any cognizable difference between the Southern and Northern Districts. It follows that the movant's requested forum does not provide efficiency or judicial interest benefits

that "clearly outweigh" the current forum. See In re Savannah Marine Servs., Inc., No. CV 407-064, 2007 WL 5011989, at *3 (S.D. Ga. Dec. 4, 2007). As a result, the final factor favors maintaining venue in the Southern District.

Based on the foregoing, the Court finds that the majority of the factors, including the most important factor, support transferring this case to the Northern District. Comparatively, three factors are neutral, and one factor counsels against transfer. Therefore, the Court finds that transfer is proper.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the consent motion to transfer venue (Doc. 61) is **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this case to the Atlanta Division of the United States District Court for the Northern District of Georgia. Following transfer, the Clerk is further **DIRECTED** to **TERMINATE** all deadlines and motions, if any, and **CLOSE** this case before the Augusta Division of the United States District Court for the Southern District of Georgia.

**ORDER ENTERED** at Augusta, Georgia, this ___1ST___ day of ___July___, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11